PAUL J. FISHMAN
United States Attorney
By: EVAN S. WEITZ
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: 973.645.2740
Fax: 973.645.3316
evan.weitz@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** :  | Honorable |
| Plaintiff, : | |
| - v. - : | Civil Action No. 13- |
| : | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| **$100,714.88 PREVIOUSLY CONTAINED IN BANK OF AMERICA PERSONAL CHECKING ACCOUNT NUMBER 381029094350 HELD IN THE NAME OF PIETRO VARRIALE** : | |
| Defendant *in rem.* | |

Plaintiff, United States of America, by its attorney, Paul J. Fishman, United States Attorney for the District of New Jersey (by Evan S. Weitz, Assistant United States Attorney) brings this Verified Complaint for Forfeiture *In Rem* and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit and condemn to the use and benefit of the United States the following property: $100,714.88 previously contained in Bank of America personal checking account number 381029094350 (the "defendant property"), pursuant to 31 U.S.C. § 5317, as property involved in a violation or violations of 31 U.S.C. § 5324, or a conspiracy to commit any such violations, and/or as property traceable to any such violation or conspiracy.

## THE DEFENDANT *IN REM*

2. The defendant property consists of $100,714.88 previously contained in Bank of America personal checking account 381029094350 held in the name of Pietro Varriale. The defendant property is currently in the custody of the Department of Treasury, Internal Revenue Service, Criminal Investigation (hereinafter "IRS-CI"), Springfield, New Jersey.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b)(1). Upon the filing of this Verified Complaint, plaintiff requests that the Clerk of the Court issue an arrest warrant *in rem*

pursuant to Supplemental Rule G(3)(b)(I), which plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(C).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1395.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to the provisions of 31 U.S.C. § 5317(c)(2), which subjects to forfeiture to the United States any property involved in, or traceable to, a violation of 31 U.S.C. § 5324.

## STATUTORY BACKGROUND

7. Pursuant to 31 U.S.C. § 5313(a) and its related regulations, when a domestic financial institution, including banks and money service businesses, is involved in a transaction for the payment, receipt, or transfer of U.S. currency in an amount greater than $10,000.00, the institution is required to file a currency transaction report ("CTR") for each cash transaction, such as, by way of example, a deposit, withdrawal, exchange of currency, or other payment or transfer by, through, or to a financial institution.

8. CTR forms, which are filed with the Internal Revenue Service, require disclosure of, among other information, the identity of the individual who conducted the transaction and the individual or organization for whom the transaction was completed.

9. Many individuals involved in illegal activities, such as narcotics trafficking, tax evasion, and money laundering, are aware of the reporting requirements and take active steps to cause financial institutions to fail to file

CTRs in order to avoid detection of the movement of large amounts of cash. These active steps are often referred to as "structuring" and involve making multiple cash deposits or withdrawals in amounts of $10,000.00 or less on the same day or consecutive days in order to avoid the filing of CTRs. Structuring transactions to avoid the filing of a CTR is prohibited by 31 U.S.C. § 5324(a)(3).

10. Pursuant to 31 U.S.C. § 5324, it is a crime for an individual to (a) "cause or attempt to cause a domestic financial institution to fail to file a report required under § 5313(a)," (b) "cause or attempt to cause a domestic financial institution to file a report required under § 5313(a) that contains a material omission or misstatement of fact," or (c) "structure or assist in structuring, any transaction with one or more domestic financial institutions" for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a).

11. Furthermore, 31 U.S.C. § 5317 provides for the forfeiture of any property involved in a violation of 31 U.S.C. § 5324, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy.

12. In any forfeiture action in which the subject property is United States currency deposited into a bank account, the government is not required to identify the particular funds involved in the offense, as any funds found in the same account within one year of the date of the offense are subject to forfeiture pursuant to 18 U.S.C. § 984.

## **FACTS**

13.  Pietro Varriale (hereinafter "Varriale") maintained Bank of America personal checking account 381029094350 (the "Bank of America account").

14.  During the period from on or about August 24, 2012 through on or about December 12, 2012, 18 deposits totaling $142,700 in United States currency were made into the Bank of America account. All of these currency deposits were made under the $10,000.01 currency reporting threshold, the amount that would have triggered the filing of a CTR, and many of the deposits were made on the same day or on consecutive business days. While none of the deposits during this time period were in an amount in excess of $10,000, there were a number of instances where deposits were made on the same day, or on consecutive days, and their total exceeded $10,000.

15.  Notably, some of the deposits were not only made on the same day, but were made just hours apart from each other. For instance, on October 9, 2012, at 10:05 a.m., a deposit of $9,900.00 was made into the Bank of America account at a Bank of America branch located in Toms River, New Jersey. On the same day, at 12:24 p.m., a deposit of $8,000.00 was made at the same Bank of America branch. In total, $17,900.00 was deposited into the Bank of America account in less than two and half hours without any deposit exceeding $10,000.00.

16. In addition, many of the deposits were made on consecutive dates. For instance, a cash deposit was made on Monday, October 1, 2012, Tuesday, October 2, 2012, Wednesday, October 3, 2012, Thursday, October 4, 2012, and Friday, October 5, 2012. All five of these deposits were in amounts of between $9,000 and $9,900. In total, $47,8000 was deposited into the Bank of America account during a one week period without any deposits exceeding $10,000.

17. Moreover, Wachovia Bank (now Wells Fargo) sent Varriale two letters prior to 2008 advising him that structuring transactions to avoid the filing of a CTR is illegal.

18. On March 8, 2013, a seizure warrant was issued by the Honorable Madeline Cox Arleo, United States Magistrate Judge for the District of New Jersey, for a sum of funds not to exceed $142,700 contained in Bank of America personal checking account 381029094350 held in the name of Pietro Varriale.

19. On March 8, 2013, IRS-CI agents executed the above-referenced seizure warrant resulting in the seizure of the defendant property.

20. On March 18, 2013, IRS-CI agents interviewed Varriale regarding the deposits into the Bank of America account and the unusual banking activities. Varriale stated that he owns Joseph Pizza located in Jackson, New Jersey.

21. When asked to provide an explanation for the source of the $142,700 in United States currency deposited into the Bank of America account, Varriale stated that he is in the process of buying a building for a pizzeria located in Neptune, New Jersey for approximately $230,000. Varriale stated that he received cash from multiple sources, which was to be used to purchase the building in Neptune. Varriale stated that these sources included: approximately $30,000 in cash he borrowed from his brother; approximately $30,000 in cash which was borrowed from his pizzeria in Jackson, New Jersey; approximately $30,000 from cash he has saved over the years; and approximately $10,000 from rent he received for the property in Neptune, New Jersey.

22. Varriale stated he had previously rented and operated the pizzeria in Neptune, but due to the business not doing well, he had recently turned it over to another family who then paid him the rent owed for the property. Varriale stated this family paid the rent to him via checks, which he then cashed at check cashing businesses. Varriale could not explain why he cashed these checks as opposed to just depositing them.

23. Varriale was asked why he made repeated visits to Bank of America as opposed to depositing the entire amount at one time. Varriale stated he knew that for any deposit over $10,000 he would have to fill out a form and did not want to take the time to fill out the paperwork. Varriale was then showed a

schedule detailing cash deposits he made from August 24, 2012 through December 12, 2012. The schedule demonstrated that multiple deposits were made into the Bank of America account just hours apart on the same day or over consecutive days. Varriale was asked how traveling to the bank on consecutive days or multiple times on the same day was faster than just depositing a lump sum and filling out one form. Varriale could not provide an explanation.

24. Based upon the foregoing, it appears that the deposits into the Bank of America account were structured for the purpose of evading the filing of a CTR.

## **CLAIM FOR FORFEITURE**

25. The allegations contained in paragraphs 1 through 24 of this Verified Complaint are incorporated herein and made part hereof.

26. The defendant property, and all proceeds traceable thereto, were involved in or are traceable to transactions or attempted transactions that were structured with the intent to avoid transaction reporting requirements under federal law, in violation of 31 U.S.C. § 5324.

27. As a result of the foregoing, the defendant property and all proceeds traceable thereto are subject to condemnation and to forfeiture to the United States for its use, in accordance with 31 U.S.C. § 5317(c).

**WHEREFORE,** plaintiff requests that the Clerk of the Court issue a warrant for the arrest in rem and seizure of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants to the defendant property; that the defendant property be forfeited and condemned to the United States of America; that plaintiff be awarded its costs and disbursements in this action; and that the Court award such other and further relief as it deems proper and just.

PAUL J. FISHMAN
United States Attorney

By: EVAN S. WEITZ
Assistant United States Attorney

Dated: April 1, 2013
Newark, New Jersey

- 9 -

**Pietro Varriale**
**504 Martin Road, Toms River, New Jersey 08753**

**Bank of America**
**MyAccess Checking Account #381029094350**

| DATE | CASH IN | TIME | LOCATION |
|---|---|---|---|
| Friday, August 24, 2012 | $7,000.00 | 9:30am | Toms River Route 37 |
| Tuesday, August 28, 2012 | $5,000.00 | 9:06am | Toms River Route 37 |
| Friday, August 31, 2012 | $3,000.00 | 9:21am | Toms River Route 37 |
| Tuesday, September 04, 2012 | $4,000.00 | 1:40pm | Toms River Route 37 |
| Monday, October 01, 2012 | $9,900.00 | 1:42pm | Toms River Route 37 |
| Tuesday, October 02, 2012 | $9,900.00 | 12:36pm | Toms River Route 37 |
| Wednesday, October 03, 2012 | $9,500.00 | 9:58am | Toms River Route 37 |
| Thursday, October 04, 2012 | $9,500.00 | 3:06pm | Toms River Route 37 |
| Friday, October 05, 2012 | $9,000.00 | 10:18am | Toms River Route 37 |
| Tuesday, October 09, 2012 | $8,000.00 | 12:24pm | Toms River Route 37 |
| Tuesday, October 09, 2012 | $9,900.00 | 10:05am | Toms River Route 37 |
| Wednesday, October 10, 2012 | $9,900.00 | 10:43am | Toms River Route 37 |
| Thursday, December 06, 2012 | $7,600.00 | 4:03pm | Toms River Route 37 |
| Friday, December 07, 2012 | $9,000.00 | 10:03am | Toms River Route 37 |
| Monday, December 10, 2012 | $9,000.00 | 3:09pm | Toms River Route 37 |
| Monday, December 10, 2012 | $9,500.00 | 12:38pm | Toms River Route 37 |
| Tuesday, December 11, 2012 | $6,000.00 | 12:41pm | Toms River Route 37 |
| Wednesday, December 12, 2012 | $7,000.00 | 10:30am | Toms River Route 37 |
| TOTAL | $142,700.00 | | |

## VERIFICATION

STATE OF NEW JERSEY    :
  ss
COUNTY OF ESSEX        :

I, Erich Schmidt, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Internal Revenue Service-Criminal Investigation, that I have read the foregoing Verified Complaint for Forfeiture *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my information and the grounds of my belief include the official files and records of the United States, information supplied to me by other law enforcement officers, and my own investigation of this case.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

                                    **ERICH SCHMIDT**
                                    Task Force Officer
                                    Internal Revenue Service
                                    Criminal Investigation

Sworn to and subscribed before me this 9th
day of April 2013, at Newark, New Jersey.

EVAN S. WEITZ, ESQ.
Attorney-at-Law of the State of New Jersey

- 10 -